OWENS, PLAINTIFF AND APPELLANT, *v.* BELAVAL & ALVAREZ TORRE ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 3008.—Decided February 12, 1924.

PLEADING—CONCLUSION OF LAW.—It was alleged that the defendants are a civil agricultural and industrial partnership duly organized by articles of January 7, 1919, executed before notary Frank Martínez, their legal domicile being in this city of San Juan, P. R. Then the following was alleged: "That the said partnership was expressly organized in accordance with the Code of Commerce and to be governed by its provisions, adopting one of the partnership forms provided in the said code and in harmony also with the provisions of the Civil Code not inapplicable." *Held:* That the supplementary allegation contained in the quoted clause is a mere conclusion of law which should be stricken out as superfluous and impertinent.

ID.—ID.—The allegation that a party has capacity to sue or to be sued is a conclusion of law which on motion should be stricken out as superfluous and immaterial.

The facts are stated in the opinion.

*Messrs. Soto Gras & Siaca* for the appellant.

*Mr. L. Muñoz Morales* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The purpose of the appeal in this case is to determine whether or not the trial court acted correctly in ordering that certain parts of the complaint be stricken out.

The first count of the complaint is as follows:

"That the plaintiff is of age, a resident of the City of New York, State of New York, United States of America, with capacity to sue and to be sued; that the defendant firm of Belaval & Alvarez Torre is a civil, agricultural and industrial partnership duly organized by articles executed before notary Frank Martínez on January 7, 1919, with its legal domicile in this City of San Juan; that the said partnership was expressly organized in accordance with the Code of Commerce and to be governed by its provisions, adopting one of the partnership forms in the said code, and in harmony also with the provisions of the Civil Code not inapplicable; that Rafael Alvarez Torre is joined as a defendant in his capacity of managing partner of the said firm of Belaval & Alvarez Torre by reason of his solidary liability as such managing partner for the obligations of the firm; that the said Alvarez Torre and the other defendants, Armando S. Belaval and his wife, María Teresa Alvarez Torre y Acuña, are all of age, residents of this city and with capacity to sue and to be used."

The parts stricken from that pleading are the following:

(*a*) The words "with capacity to sue and to be used" in the second and third lines.

(*b*) The part beginning with the words "that the" in line 7 and ending with the word "inapplicable" in line 11.

(*c*) The words "and with capacity to sue and to be used" in lines 17 and 18.

The entire part stricken out under letter (*b*) reads as follows:

"That the said partnership was expressly organized in accordance with the Code of Commerce and to be governed by its provisions, adopting one of the partnership forms in the said code and in harmony also with the provisions of the Civil Code not inapplicable."

It was alleged in support of the motion to strike that

the parts quoted are conclusions of law and as such impertinent and redundant matter.

The essential part now under discussion and constituting the main object of this appeal is the matter referred to under letter (*b*) and transcribed.

Hence, after striking out the different parts as stated, the first count of the complaint should read as follows:

"That the plaintiff is of age, a resident of the City of New York, State of New York, United States of América,  *  *  *; that the defendant firm of Belaval & Alvarez Torre is a civil, agricultural and industrial partnership duly organized by articles executed before notary Frank Martínez on January 7, 1919, with its legal domicile in this City of San Juan;  *  *  * that Rafael Alvárez Torre is joined as a defendant in his capacity of managing partner of the said firm of Belaval & Alvarez Torre by reason of his solidary liability as such managing partner for the obligations of the firm; that the said Alvarez Torre and the other defendants, Armando S. Belaval and his wife, María Teresa Alvarez Torre y Acuña, are all of age, residents of this city  *  *  *."

The appellant alleges that the purpose of the complaint is to force the firm of Belaval & Alvarez Torre and its members individually to comply with an obligation contracted with the plaintiff, and the matter stricken out as noted under letter (*b*) seems to have a direct connection with this last purpose. The question for determination is whether the said paragraph is an averment of fact or a conclusion or interpretation of law with regard to the terms of the articles of partnership. It is alleged first that defendants Belaval & Alvarez Torre are a civil partnership and then follows the matter stricken out.

It will not be out of the way to say that the form or character given to the firm alleged to have been organized must appear, as a matter of fact, from the terms of the articles of partnership. If the plaintiff alleges plainly and clearly that the defendant firm of Belaval & Alvarez Torre

is a civil, agricultural and industrial partnership duly organized by the articles of January 7, 1919, the additional allegation tending to explain that notwithstanding its civil character it was "expressly organized in accordance with the Code of Commerce and to be governed by its provisions, adopting one of the partnership forms in the said code," is a deduction from or construction of the articles of partnership by the plaintiff.

The opinion of counsel for the plaintiff in this case may be very valuable, but it should be given in a brief and is not pertinent as a matter of pleading in the complaint, in which only the material facts of the case should be alleged.

"If counsel were permitted to aver conclusions of law, pleadings might be valuable as briefs, but worthless as statements of facts, the latter being the only object of pleadings."   1 Estee's Pleadings, 150.

However, the appellant insists that the elimination ordered would defeat the purpose of his complaint or render the pleading insufficient. In this regard he calls attention to the fact that if the rest of the pleading would be rendered insufficient by reason of the striking out of the matter quoted, the motion to strike should not be sustained. It is true that the general theoretical definition of an immaterial allegation is that which can be stricken out without leaving the complaint or answer insufficient, and which, therefore, need not be proved or disproved. 1 Sutherland, 82. But in this case the matter stricken out is superfluous and immaterial, it being argumentative matter, or the opinion of the plaintiff's attorney concerning the nature or form of the contract. The conditions of the articles of: partnership were established when it was alleged to be a civil partnership, and the very articles of partnership inform us, as a question of fact, whether notwithstanding the civil nature of the partnership it adopted one of the forms of the Code of Commerce. It seems that it might have

been a more simple matter to quote that part of the contract or to refer to the particular clause thereof containing the express stipulation relative to the Code of Commerce. This being the status of the case, it appears to be inopportune to determine the scope of section 1572 of the Civil Code, as suggested by the appellant, because we are not considering the merits of the case, but only the action of the trial court in holding that the plaintiff's allegation was a conclusion of law and in ordering that it be stricken out. The court's ruling was based on section 123 of the Code of Civil Procedure, as amended by the Act of March 9, 1911, which reads as follows:

"All irrelevant and redundant matter in a pleading shall be stricken out by the court on motion of the opposite party, and until such motion is disposed of by the court the moving party shall not be required to plead further."

This section is copied substantially from the California Code of Civil Procedure. Sutherland, in commenting on what is understood by irrelevant and redundant matter, says:

"Under this head may be included,—a false construction of the terms of a contract set up; inconsistent allegations, which are absurd or the truth of which is impossible; conclusions of law; probative facts or evidence inserted in a pleading; ambiguous statements; hypothetical statements; frivolous matter." Vol. 1, page 86.

The other matter stricken out, being allegations of the capacity of the parties to sue and to be sued, are also mere conclusions of law and as such are superfluous matter in the complaint. Capacity should be alleged only when it is representative.

For the foregoing reasons the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.